UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAKOTA FLAGG, | Case No. 1:13CV1350 |
| Petitioner, | JUDGE SARA LIOI |
| v. | Magistrate Judge George J. Limbert |
| DONALD MORGAN, WARDEN, | **Report and Recommendation of Magistrate Judge** |
| Respondent. | |

On June 19, 2013, Petitioner Dakota Flagg ("Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred in the Cuyahoga County, Ohio Court of Common Pleas concerning his convictions and sentences for two counts of aggravated murder with firearm specifications, five counts of kidnapping with firearm specifications, twelve counts of aggravated robbery with firearm specifications, and one count of carrying concealed weapons. ECF Dkt. #7-7 at 1; ECF Dkt. #7-8 at 1. On November 15, 2013, Respondent Donald Morgan, Warden of Southern Ohio Correctional Institution, filed an answer/return of writ. ECF Dkt. #7.

For the following reasons, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice:

I.  **SYNOPSIS OF THE FACTS**

The Eighth District Court of Appeals of Ohio set forth the relevant facts on direct appeal. *State v. Horne*, 2011 WL 1486628 (9th Dist.). These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> On December 10, 2007, Flagg, age 15, robbed a Marathon gas station located at 5321 Lee Road, in Maple Heights, Ohio. While committing this robbery, he shot and killed the owner of the gas station, Mohammed Khan (Khan). Flagg was positively identified by a gas station employee, Mohammad

> Rahman (Rahman), who was present when Khan was killed.  Additionally, Flagg's DNA was found on a live round of ammunition at the crime scene.
>
> On December 28, 2007, Flagg and an accomplice, Andre Dotson, robbed the Family Dollar Store located at 17000 Broadway Avenue, in Maple Heights, Ohio.  Flagg was apprehended by Maple Heights police after a brief foot chase.  When apprehended, Flagg was holding a loaded 9mm gun in one hand and a bullet in the other.  An investigation and analysis of the gun by the Ohio Bureau of Criminal Investigation (BCI) revealed it was the same weapon used to kill Mohammad Khan on December 10, 2007.  Based upon this forensic evidence and the subsequent DNA evidence
> implicating Flagg, he became the primary suspect in the gas station robbery and murder.

ECF Dkt. #7-18 at 3-4.

## II.   PROCEDURAL HISTORY

### A.   State Trial Court

The Ohio appellate court outlined Petitioner's juvenile court proceedings concerning the instant case in its September 9, 2010 opinion as follows:

> On January 24, 2008, the State filed delinquency proceedings against Flagg in the Cuyahoga County Juvenile Court, Case No. 07111688, stemming from the aggravated robbery of the Family Dollar Store.
>
> That same day, the State filed delinquency proceedings against Flagg, Case No. 0812060, for the aggravated robbery and aggravated murder of Khan.
>
> On February 14, 2008, the juvenile court conducted a joint probable cause hearing and found that probable cause existed to find Flagg delinquent in both cases.  The court remanded Flagg to the juvenile detention center and ordered the Court Psychiatric Clinic to conduct physical and mental examinations with social history to aid the court in its determination at the amenability hearing.
>
> On April 8, 2008, the juvenile court conducted a joint amenability hearing and found that Flagg was not amenable to rehabilitation or care in the juvenile justice system.  That same day, the court issued an order binding Flagg over to the general division of the common pleas court for the aggravated murder of Kahn[sic] and aggravated robbery at the Marathon gas station.
>
> On April 9, 2008, the juvenile court issued an order binding Flagg over to the general division of the common pleas court to face kidnapping and aggravated robbery charges stemming from the Family Dollar Store incident.

ECF Dkt. #7-18 at 4-5.

The January 2008 Term of the Cuyahoga County Grand Jury indicted Petitioner in Case Number CR509831 on one count of aggravated murder in violation of ORC § 2903.01(A) with firearm specifications; one count of felony murder in violation of ORC § 2903.01(B) with firearm

specifications; two counts of aggravated robbery in violation of ORC § 2911.01(A)(1) with firearm specifications; two counts of aggravated robbery in violation of ORC § 2911.01(A)(3) with firearm specifications; and one count of kidnapping in violation of ORC § 2905.01(A)(2) and/or (A)(3). ECF Dkt. #7-1 at 1-7.

The January 2008 Term of the Cuyahoga County Grand Jury also indicted Petitioner in Case Number CR509845 on four counts of aggravated robbery in violation of ORC § 2911.01(A)(1) with firearm specifications; four counts of aggravated robbery in violation of ORC § 2911.01(A)(3) with firearm specifications; four counts of kidnapping in violation of ORC § 2905.01(A)(2) and/or (A)(3); and one count of carrying concealed weapons in violation of ORC § 2923.12(A)(2). ECF Dkt. #7-2 at 1-7. Petitioner initially entered not guilty pleas to all of the charges. ECF Dkt. #7-3.

On March 5, 2009, the State filed a motion for joinder of indictments in Petitioner's cases. ECF Dkt. #7-4.

On March 11, 2009, Petitioner, with counsel, retracted his former not guilty pleas in both cases and entered guilty pleas to all of the offenses. ECF Dkt. #7-5 and ECF Dkt. #7-6. The trial court ordered a psychiatric examination of Petitioner. *Id*.

On April 9, 2009, the trial court held a sentencing hearing and sentenced Petitioner to a term of 36 years to life in Case Number 509831, finding that counts 1 and 2 merged with a 30-year prison term plus a 3-year term for the firearm specification, with the 1-year firearm specification merging into the 3-year specification by operation of law, with the 3-year sentence for the firearm specification to be served first and consecutive. ECF Dkt. #7-7 at 1. The trial court further found that counts 3 and 4 and counts 5 and 6 merged by operation of law for sentencing with a 3-year prison term for the firearm specifications on each count to be served first and consecutive with the 1-year specifications to merge into the 3-year specifications by operation of law. *Id.* The trial court further imposed a 3-year prison term for the firearm specification on count 7, said sentence to be served first and consecutive and the 6-year sentences for counts 3-7 to be served concurrent to each other but consecutive to the sentence for count 1. The sentences in this case were ordered to be served consecutive to the sentence that the trial court imposed in Petitioner's second case, Case Number 509845. *Id.* at 1-2.

On the same day, the trial court sentenced Petitioner to a term of 6 years in Case Number 509845 to run consecutive to Petitioner's sentence in Case Number 509831. ECF Dkt. #7-8 at 1. The court sentenced Petitioner to 3 years in prison plus 3 years for the firearm specification in counts 1 and 2, with these counts merging for sentencing purposes and the one year firearm specifications merging into the 3-year specifications as well. *Id.* The trial court sentenced Petitioner on the rest of the counts, except count 13, to 3 years in prison plus 3 years on the firearm specifications in each count, with counts 3 and 4, 5 and 6, 7 and 8, and 9-12 merging by operation of law with the 1-year firearm specifications merging into the 3-year specifications, but the 3-year firearm specifications to be served first and consecutive. *Id.* at 1-2. The trial court ordered that each 3-year sentence run concurrent to one another but consecutive to the sentences in Case Number 509831. *Id.* at 2. On count 13, the trial court sentenced Petitioner to 1 year in prison, but ran this sentence concurrent to the rest of Petitioner's sentences. *Id.*

Petitioner's sentence in both cases amounted to a total aggregate sentence of 42 years to life in prison.

### B. **Direct Appeal**

Petitioner, through counsel, filed an appeal in Case Number 509831 to the Eighth District Court of Appeals in Ohio. ECF Dkt. #7-9 at 1-15. On May 12, 2009, Petitioner, through counsel, filed a notice of appeal and a motion for leave to file a delayed appeal in Case Number 509845, asserting that counsel's office erred by failing to file an appeal in this case as the companion case to the one in which a notice of appeal was filed. ECF Dkt. #s 7-10 and 7-11 at 2. The Ohio appellate court granted Petitioner's motion for delayed appeal. ECF Dkt. #7-12.

In his appellate brief for both cases, Petitioner set forth the following assignments of error:

1. THE JUVENILE COURT DID NOT MAKE ADEQUATE FINDINGS TO JUSTIFY THE BINDOVER OF DAKOTA FLAGG.

2. THE JUVENILE COURT ABUSED ITS DISCRETION IN BINDING DAKOTA FLAGG OVER TO THE COMMON PLEASE[sic] COURT GENERAL DIVISION BECAUSE THE JUVENILE COURT DID NOT CONSIDER ALL OF THE ENUMERATED STATUTORY FACTORS, AS WELL AS THE AVAILABILITY OF PROCEEDING UNDER THE SERIOUS YOUTH OFFENDER PROVISION OF THE REVISED CODE.

> 3. THE PLEA TO THE COUNTS OF AGGRAVATED MURDER IN CR 509831 MUST BE VACATED BECAUSE DAKOTA FLAGG WAS NOT ADVISED ABOUT THE FINES ATTENDANT TO THESE CHARGES.
>
> 4. IN CR 509831, THE TRIAL COURT FAILED TO MERGE AS ALLIED THE KIDNAPPING COUNT (7) INTO THE AGGRAVATED ROBBERY COUNT.
>
> 5. IN CR 509845, THE TRIAL COURT FAILED TO MERGE THE KIDNAPPING COUNTS (9-12) INTO THE CORRESPONDING AGGRAVATED ROBBERY COUNTS.
>
> 6. A SENTENCE OF LIFE IMPRISONMENT WITH FIRST PAROLE ELIGIBILITY AT 42 YEARS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.
>
> 7. A SENTENCE OF LIFE IMPRISONMENT WITH FIRST PAROLE ELIGIBILITY AT 42 YEARS IS DISPROPORTIONATE TO, AND INCONSISTENT WITH, SENTENCES IMPOSED FOR SIMILARLY SITUATED DEFENDANTS.
>
> 8. APPELLANT'S CONSECUTIVE SENTENCES ARE CONTRARY TO LAW AND VIOLATIVE OF DUE PROCESS BECAUSE THE TRIAL COURT FAILED TO MAKE AND ARTICULATE THE FINDINGS AND REASONS NECESSARY TO JUSTIFY IT.

ECF Dkt. #7-13 at 4. The State of Ohio filed an appellate brief and Petitioner filed a reply brief. ECF Dkt. #s 7-14, 7-15. Petitioner thereafter filed notices of supplemental authority. ECF Dkt. #s 7-16, 7-17.

On September 9, 2010, the Ohio appellate court affirmed Petitioner's convictions but vacated his sentences and remanded them for resentencing. ECF Dkt. #7-18. The appellate court found that Petitioner's convictions for each aggravated robbery and kidnapping offense should have been merged for sentencing purposes under Ohio Supreme Court caselaw. *Id.* at 18-21.

### C. Resentencing in Trial Court

On October 8, 2010, pursuant to the Ohio appellate court's remand order, the trial court resentenced Petitioner to a term of 33 years in prison to life in Case Number 509831. ECF Dkt. 7-19. The trial court also resentenced Petitioner to 6 years in prison in Case Number 509845 to run consecutive to the sentence in Case Number 509831. ECF Dkt. #7-20.

### D. Direct Appeal of Resentencing

On November 8, 2010, Petitioner, through counsel, filed a notice of appeal of the trial court's resentencing orders. ECF Dkt. #s 7-21, 7-22. He filed a motion to consolidate his appeals, which the appellate court granted. ECF Dkt. #s 7-23, 7-24.

On February 9, 2011, Petitioner, through counsel, filed an appellate brief asserting the following assignments of error:

> 1. IN CR 509831, THE TRIAL COURT FAILED TO MERGE AS ALLIED THE MURDER CHARGE (COUNT 1) WITH THE AGGRAVATED ROBBERY CHARGE IN COUNT THREE, WHERE BOTH APPLIED TO THE SAME VICTIM.
>
> 2. A SENTENCE OF LIFE IMPRISONMENT WITH FIRST PAROLE ELIGIBILITY AT 39 YEARS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.
>
> 3. A SENTENCE OF LIFE IMPRISONMENT WITH FIRST PAROLE ELIGIBILITY AT 42 YEARS IS DISPROPOTIONATE TO, AND INCONSISTENT WITH, SENTENCES IMPOSED FOR SIMILARLY SITUATED DEFENDANTS.
>
> 4. APPELLANT'S CONSECUTIVE SENTENCES ARE CONTRARY TO LAW AND VIOLATIVE OF DUE PROCESS BECAUSE THE TRIAL COURT FAILED TO MAKE AND ARTICULATE THE FINDINGS AND REASONS NECESARRY TO JUSTIFY IT.

ECF Dkt. #7-25 at 2. The State of Ohio filed an appellate brief and filed a motion for leave to supplement the record with the transcripts from Petitioner's juvenile court proceedings. ECF Dkt. #s 7-26, 7-27.

On April 27, 2011, the Ohio appellate court sua sponte remanded Petitioner's case to the trial court for correction of a clerical error pursuant to Rule 9(E) of the Ohio Rules of Appellate Procedure. ECF Dkt. #7-28. The appellate court explained that the journal entry stated that the sentences for counts 3 and 5 were to be served concurrently to one another and consecutively to count 1 and consecutively to the 6-year sentence in Case Number 509845, but the total sentence would then equal 42 years to life and not 39 years to life as indicated in the journal entry. *Id*. The appellate court also sua sponte remanded Petitioner's other case to the trial court to correct a clerical error whereby the trial court indicated the merger of counts 3, 8, and 12, but then sentenced Petitioner on count 7 at the state's election. ECF Dkt. #7-29. The Ohio appellate court noted that a clerical error existed in referring to count 3. *Id*.

### **E. Trial Court Correction of Journal Entries of Sentencing**

On April 29, 2011 and May 15, 2011, the trial court corrected the errors for which Petitioner's cases were remanded. ECF Dkt. #s 7-30, 7-31.

### F. Further Remands by Ohio Appellate Court with Trial Court Nunc Pro Tunc Entries

The Ohio appellate court issued additional remand orders on June 8, 2011. ECF Dkt. #s 7-32, 7-33. Pursuant to the remand orders, the trial court issued nunc pro tunc journal entries in both cases. ECF Dkt. #s 7-34, 7-35. The trial court sentenced Petitioner to 33 years to life imprisonment in Case Number 509831 and to 6 years of imprisonment in Case Number 509845 for a total aggregate sentence of 39 years to life in prison. ECF Dkt. #s 7-34, 7-35.

### G. Ohio Appellate Court Decision Dated October 20, 2011

After the correction of the trial court journal entries, the Ohio appellate court finally addressed Petitioner's assignments of error from his brief dated February 9, 2011. ECF Dkt. #7-36. The appellate court affirmed Petitioner's convictions. *Id.*

On October 31, 2011, Petitioner, through counsel, filed an application pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure, for the appellate court to reconsider its decision as to his first assignment of error concerning the trial court's alleged failure to merge the murder charge in count one of his case with the aggravated robbery charge in count three as both applied to the same victim. ECF Dkt. #7-37 at 2. The State of Ohio filed a brief in opposition. ECF Dkt. #7-38.

On November 14, 2011, the Ohio appellate court denied Petitioner's application for reconsideration. ECF Dkt. #7-39.

### H. Supreme Court of Ohio

On December 29, 2011, Petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #7-40. In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

> 1. "A defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing." (*State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, syllabus, par. 2).
>
> 2. A sentence of life imprisonment with first parole eligibility at 39 years constitutes cruel and unusual punishment and is disproportionately excessive for a defendant who was fifteen at the time of the offense.

ECF Dkt. #7-41 at 2. The State of Ohio filed a memorandum in response. ECF Dkt. #7-42.

-7-

On March 21, 2012, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed Petitioner's appeal as not involving any substantial constitutional question. ECF Dkt. #7-43.

Petitioner applied for an extension of time within which to file a petition for a writ of certiorari with the United States Supreme Court, which was granted, but he apparently did not file the petition. *See* ECF Dkt. #s 7-44, 7-52; *see also* http://supremecourt.gov.

### III.  28 U.S.C. § 2254 PETITION

On June 19, 2013, Petitioner, through counsel, filed the instant federal habeas corpus petition asserting the following sole ground for relief:

> Ground One: A sentence of 39 years to life imprisonment violates the Eighth and Fourteenth Amendments as applied to Dakota Flagg, who was 15 at the time of his offense conduct.
>
> Supporting Facts: Dakota Flagg was 15 at the time of his offense conduct. His co-defendant, who was an older juvenile, was not even bound over to be tried as an adult. Sentencing Flagg to a sentence of such severity constitutes a violation of the protection against cruel and unusual punishment as well as the guarantee of due process of law.

ECF Dkt. #1.

### IV.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

In the instant case, Respondent does not assert that any procedural barriers preclude a review of the merits of Petitioner's sole ground for relief. Accordingly, the undersigned will proceed to apply the proper standard of review and analyze Petitioner's sole ground for relief.

## V.     STANDARD OF REVIEW

The undersigned recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*

Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:
>
>> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
>>
>> 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
>>
>> 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or
>>
>> 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has observed:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## VI. ANALYSIS

In his sole ground for relief, Petitioner asserts that his sentence of 39 years to life in prison violates the Eighth Amendment prohibition against cruel and unusual punishment and violates his due process rights under the Fourteenth Amendment because he was only fifteen years old at the

-11-

time of the crimes and his co-defendant, who was an older juvenile at the time, was not even bound over to adult court. *Id*.

The Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. In *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), the United States Supreme Court held that the Eighth Amendment bars capital punishment for all juvenile offenders. In *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the Supreme Court held that sentencing juvenile nonhomicide offenders to life without parole violates the Eighth Amendment. In *Miller v. Alabama*, 132 S.Ct. 2455 (2012), the Court held that sentencing juvenile offenders to mandatory sentences of life imprisonment without the possibility of parole violates the Eighth Amendment where the court fails to consider the defendant's youth or other mitigating factors.

As pointed out by Respondent, *Roper, Graham* and *Miller* do not constitute clearly established United States Supreme Court precedent that serves as controlling authority in this case because Petitioner was not sentenced to the death penalty as in *Roper*, he was not a nonhomicide juvenile offender as in *Graham*, and he did not receive a life sentence without parole eligibility as in *Miller*. The Ohio appellate court in this case addressed Petitioner's assertion that his sentence violated the Eighth Amendment and *Graham* by reviewing the *Graham* decision. The Ohio appellate court did not discuss *Miller* in its decision because that decision was not issued until June 25, 2012, well after the Ohio appellate court's decision. *See Miller*, 132 S.Ct. 2455[1]. However, the appellate court distinguished *Graham*, correctly finding that unlike *Graham,* Petitioner's case involved the commission of an aggravated murder, among other crimes, and was the result of a cumulative sentence for a number of crimes that occurred over a few weeks. ECF Dkt. #7-36 at 8.

---

[1] *Miller* would be distinguishable as well since Petitioner was not sentenced to life imprisonment without the possibility of parole. Moreover, in *Miller*, the Court made clear that a court could sentence a juvenile homicide offender to life without parole if the sentence resulted from an individualized determination rather than pursuant to a mandatory sentencing scheme. 132 S.Ct. at 2469.

The undersigned recommends that the Court find that the Ohio appellate court reasonably found that Petitioner's case is distinguishable from *Graham* and thus his sentence is not barred by that decision. Petitioner pled guilty to a homicide and numerous other crimes and he was not sentenced to life imprisonment without the possibility of parole. The *Graham* Court made certain to distinguish between homicide and nonhomicide crimes:

> The Court has recognized that defendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers. There is a line "between homicide and other serious violent offenses against the individual." Serious nonhomicide crimes "may be devastating in their harm ... but 'in terms of moral depravity and of the injury to the person and to the public,'... they cannot be compared to murder in their 'severity and irrevocability.'" This is because "[l]ife is over for the victim of the murderer," but for the victim of even a very serious nonhomicide crime,"life ... is not over and normally is not beyond repair.." Although an offense like robbery or rape is "a serious crime deserving serious punishment," those crimes differ from homicide crimes in a moral sense.
>
> It follows that, when compared to an adult murderer, a juvenile offender who did not kill or intend to kill has a twice diminished moral culpability. The age of the offender and the nature of the crime each bear on the analysis.

*Graham,* 130 S.Ct. at 2027. Moreover, the Sixth Circuit has denied federal habeas corpus relief to a petitioner who was sentenced to consecutive fixed prison terms that totaled 89 years. In *Bunch v. Smith*, 685 F.3d 546, 549 (6th Cir. 2012), Bunch, who was 16 at the time of the crimes that he committed, argued that the trial court's 89-year total sentence was essentially a sentence to life imprisonment without parole and thus violated *Graham. Id*. The Sixth Circuit found that even if *Graham* retroactively applied to *Bunch's* case, it was distinguishable because Bunch was sentenced to consecutive, fixed-term sentences, while Graham was sentenced to life in prison for committing one nonhomicide offense. *Id*. at 551.

Similarly, *Graham* is distinguishable from Petitioner's case because Petitioner's sentence included a 30-year term for aggravated murder, and included additional sentences for a three-year gun specification and two other three-year sentences in that case, as well as six years of imprisonment in a second case, which constituted an aggregate term of 39 years to life in prison. ECF Dkt. #8-4 at 46-47.

In *Goins v. Smith*, 556 Fed App'x 434, 435-436 (6th Cir. 2014), the trial court sentenced Goins to 84 years in prison, the maximum under Ohio law, for crimes that he committed when he

-13-

was 16 years old. In addition to unsuccessfully arguing that the sentence violated *Graham*, Goins argued that the Ohio appellate court's decision was unreasonable because the court failed to accurately apply the proportionality analysis when sentencing him because it failed to consider his diminished culpability as a juvenile. The Sixth Circuit applied *Bunch* to reject Goins's assertion that his sentence violated *Graham*, finding that even if *Graham* applied to his consecutive fixed term for multiple offenses, Goins's meaningful opportunity for parole rendered *Graham* otherwise inapplicable. *Id*. at 441. The Sixth Circuit further rejected Goins's assertion that the state appellate court's decision was unreasonable because the court failed to accurately apply the proportionality analysis necessary when sentencing a juvenile because it failed to consider his diminished culpability as a juvenile. *Id*. The Circuit questioned whether a court had to consider a juvenile's diminished culpability as neither *Solem* nor *Miller* clearly required this factor to be considered. *Id*. at 439. The Court concluded that because *Miller* did not clearly require the consideration of a juvenile's diminished culpability in imposing a consecutive term of years sentence, "the state appellate court did not unreasonably apply clearly established federal law in failing to require that the sentencing court factor Goins's juvenile status into his sentence." *Id*. at 440.

Here, Petitioner was sentenced to a total aggregate sentence of 39 years to life imprisonment stemming from two incidents, one of which involved the robbery and killing of an individual at a gas station, and the other which involved the robbery of a Family Dollar Store. Petitioner has a meaningful opportunity for parole and the Court should therefore find that the Ohio appellate court's determination that *Graham* did not apply to Petitioner's case is not contrary to or an unreasonable application of federal law or the facts in this case.

Petitioner also asserts that his sentence was disproportionate to those similarly situated to him and therefore constitutes cruel and unusual punishment and a violation of due process because his co-defendant, who was an older juvenile at the time of the crimes, was not even bound over to adult court. ECF Dkt. #1 at 4.

As noted by the Ohio appellate court, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 1001. 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Rather, the Eighth Amendment's proportionality principle

is a "narrow"one which "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Graham*, 560 U.S. at 87, quoting *Ewing v. Calif.*, 463 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 2003)(plurality opinion)(quoting *Harmelin*, 501 U.S. at 1001). Thus, "one could argue without fear of contradiction by any decision of the [Supreme] Court that for crimes concededly classified and classifiable as felonies, that is, punishable by significant terms of imprisonment in a state penitentiary, the length of sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). A proportionality analysis, if required (*see Goins v. Smith*, No. 12-4040, 556 Fed. App'x 434, 440 (6th Cir. Feb. 18, 2014), unpublished), should consider objective criteria, including the gravity of the crime and the harshness of the penalty, the sentences imposed on others in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

In addressing this assertion, the Ohio appellate court cited to *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998 (Ohio App. Ct. 2006), which relied upon the Supreme Court decision of *Harmelin*, 501 U.S. 957 in holding that the Eighth Amendment does not require strict proportionality between the crimes and sentences but bars only those severe sentences that are grossly disproportionate to the crime. ECF Dkt. #7-36 at 11. The Ohio appellate court noted that each of Petitioner's prison terms were within the statutory range for the offenses to which he pled guilty, which generally implies that the sentence does not amount to cruel and unusual punishment. *Id.* at 10.

The Ohio appellate court thereafter cited to other cases in Ohio in which courts imposed more severe sentences on juveniles for serious crimes in order to further establish that Petitioner's sentences were not grossly disproportionate to the crimes to which he pled guilty. ECF Dkt. #7-36 at 10-11. The court noted that Petitioner received a life sentence with parole eligibility after 33 years in one case for committing a homicide and other serious crimes and he received a 6-year term of imprisonment for another case in which he had committed additional crimes. *Id*.

The undersigned recommends that the Court find that the Ohio appellate court's determination that Petitioner's sentences were not grossly disproportionate was not contrary to or

-15-

an unreasonable application of United States Supreme Court precedent or of the facts. Petitioner does not contend that his sentences were beyond the statutory ranges authorized by the legislature and a review of Petitioner's sentences confirms that they were within the authorized statutory ranges. ECF Dkt. #8-4 at 21, 45-50. In fact, the trial court in Petitioner's case did not impose the maximum sentences authorized by law and the court imposed less time on the aggravated murder conviction on resentencing, and imposed minimum and concurrent terms in Petitioner's first and second cases for the aggravated robbery offenses. ECF Dkt. #8-4 at 46-51.

Rather, Petitioner focuses his disproportionality argument on the fact that his co-defendant was not even bound over to the adult criminal court. ECF Dkt. #1 at 4. However, as noted by Respondent, Petitioner's co-defendant was not similarly situated to Petitioner because he was not involved in the gas station murder and robberies but was involved only in the second case. ECF Dkt. #8-4 at 36; ECF Dkt. #7 at 18. In addition, Petitioner committed both series of crimes within the same month. Further, the bulk of Petitioner's sentence stemmed from a conviction for the most serious of all offenses, aggravated murder.

Moreover, courts have held that sentences of juveniles for similar and less serious crimes were not grossly disproportionate. *See Goins,* 556 Fed. App'x at 440 (Sixth Circuit did not overturn aggregate 85-year prison term for defendant who was 16 at time of attempted murder, aggravated burglary and other crimes); *Hardy v. McKee,* No. 13-cv-13702, 2014 WL 2533161, at *8 (E.D. Mich. June 5, 2014)(sentence that amounted to 21-102 years in prison not grossly disproportionate to offenses committed by defendant when he was 17 years old); *Paredes v. Bergh*, No. 2:12cv13681, 2014 WL 82191 (E.D. Mich. Jan. 9, 2014)(sentence of 31.25 to 50 years in prison for defendant who was 15 years old at time of crime not grossly disproportionate for second-degree murder).

Since *Roper*, *Graham* and *Miller* do not apply to Petitioner's case, the trial court sentenced Petitioner well within the statutory provisions, and Petitioner's sentence does not appear to be "grossly disproportionate" to the aggravated murder and other crimes to which he pled guilty. Therefore, the undersigned recommends that the Court find that the Ohio appellate court's determination that the Eighth Amendment was not violated and was not contrary to or an unreasonable application of federal precedent or of the facts.

**VII.    RECOMMENDATION AND CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: November 19, 2014                    */s/ George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).